NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2574
_____

ALICE M. CARR,
Appellant

v.

JEFFERSON DEFINED BENEFIT PLAN; ABINGTON MEMORIAL HOSPITAL;
THE PENSION PLAN OF ABINGTON MEMORIAL HOSPITAL; THOMAS
JEFFERSON UNIVERSITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01822)
District Judge: Honorable Harvey Bartle, III
_____

Argued on September 10, 2025

Before: HARDIMAN, KRAUSE, and CHUNG, *Circuit Judges.*

(Filed: October 10, 2025)

Kenneth D. Berman **[Argued]**
Berman Legal LLC
230 S. Broad Street, Suite M-30
Philadelphia, PA 19102

    *Counsel for Appellant*

Raymond A. Kresge **[Argued]**
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800

Philadelphia, PA 19103

*Counsel for Appellee*

———————

OPINION[*]

———————

HARDIMAN, *Circuit Judge*.

Alice Carr appeals several of the District Court's orders and its judgment related to her claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* We will affirm.

I

Carr worked at Abington Memorial Hospital (Abington) from 1997 to 2013, mostly on a part-time basis. As an employee, she participated in the Pension Plan of Abington Memorial Hospital (Abington Plan), which merged into the Jefferson Defined Benefit Plan in 2018 after Thomas Jefferson University acquired Abington. Under the Abington Plan, a participant has a vested interest in a pension after completing 1,000 or more hours of qualifying work in a calendar year for at least five years. The parties agree that Carr met this threshold in four calendar years: 2003, 2010, 2011, and 2012. They dispute whether Carr had 1,000 hours of qualifying work in 1997.

In January 2022, Carr submitted a formal claim for pension benefits. The Jefferson Plan denied her claim. Its decision relied on summary reports of her service hours

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

produced by a third-party that maintained employee records for the Abington Plan during the relevant periods. Carr submitted an internal appeal, which was denied.

Carr filed a three-count complaint. Count I requested pension benefits under ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). Count II sought a monetary penalty for Defendants' alleged failure to provide Carr with "a pension benefit statement" within 30 days of her written request under ERISA § 502(a)(1)(B), codified at 29 U.S.C. §§ 1025(a)(1)(B)(ii) and 1132(c)(1). Count III was a claim for equitable relief for breach of fiduciary duties under ERISA § 502(a)(1)(B), codified at 29 U.S.C. §§ 1104(a)(1) and 1132(a)(3).

Abington and the Abington Plan moved to dismiss the complaint in its entirety. Jefferson and the Jefferson Plan moved to dismiss Counts II and III. The District Court dismissed Count I against Abington and the Abington Plan. It dismissed Count II as to Abington, the Abington Plan, and the Jefferson Plan. The Court dismissed Count III as to all parties. In doing so, the Court reasoned that Carr had not adequately pleaded a claim for equitable relief because her claim for injunctive relief was indistinguishable from her claim for benefits. Twenty-eight days later, Carr filed a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Court denied Carr's motion as untimely, concluding that it was actually a motion for reconsideration governed by the fourteen-day filing deadline under Local Rule 7.1(g).

After the Rule 12 motions were adjudicated, the parties filed cross-motions for summary judgment as to Counts I and II on a stipulated administrative record. Two days before those motions were filed, Defendants filed an untimely answer, which Carr moved

3

to strike. The Court denied the motion, however, after finding that Defendants' untimeliness was attributable to excusable neglect.

The Court's summary judgment decision was mixed. Carr's claim for pension benefits at Count I failed because the denial was not arbitrary or capricious. She achieved a modest victory on Count II, though, when the Court awarded her a $4,070 monetary penalty because the administrator provided her pension benefit statement thirty-seven days late. Only Carr appealed.

II

The crux of Carr's appeal is that the District Court erred by dismissing her equitable claim for breach of fiduciary duty (Count III) when she purportedly sought relief that was separate and distinct from her requested remedy at Count I. We disagree.

As the District Court explained, Carr's "claim for injunctive relief is a claim for her pension benefits dressed in the cloak of equity." *Carr v. Abington Mem'l Hosp.*, 2023 WL 8237253, at *5 (E.D. Pa. Nov. 28, 2023). At Count I, Carr sought "the maximum past and future retirement benefits to which [she] is entitled under the Plan." App. 258. And at Count III, she sought the same thing using different words, asking the District Court to "enjoin[] Defendants from denying [her] entitlement to the maximum retirement benefits due her under the . . . Plan." App. 265.

The Supreme Court has explained that the "equitable relief" available under ERISA § 502(a)(3) is limited to "those categories of relief that were *typically* available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210–11 (2002) (citation modified). A claim for money owed under a contract or for "specific

4

performance of a past due monetary obligation" is relief that "was *not typically* available in equity." *Id.* (emphasis added).

Carr responds that the Supreme Court has held that ERISA § 502(a)(3) authorizes courts to provide an "equitable surcharge," a remedy available in trust cases, the precise nature of which is disputed but which is "essentially equivalent to money damages," *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 498 (4th Cir. 2023), *cert. denied* (2024). For support, she cites *CIGNA Corp. v. Amara*, 563 U.S. 421, 445 (2011). This argument implicates two issues that are the subject of circuit splits: whether (1) a surcharge may be an appropriate equitable remedy[1] and (2) ERISA plaintiffs may plead alternative claims under ERISA §§ 502(a)(1) and (a)(3).[2] But her appeal does not require us to reach either issue. While Carr pleads that she is seeking "make-whole damages plus interest and a 'surcharge,'" she sought no remedy beyond the award of her "maximum retirement

---

[1] *Compare, e.g.*, *Rose v. PSA Airlines, Inc*., 80 F.4th 488, 502, 504 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1346 (2024) (holding that a "surcharge" for a beneficiary's losses qualifies as a damages remedy that plaintiffs may not recover under § 502(a)(3) because it was not "typically available in equity"), *with Gimeno v. NCHMD, Inc*., 38 F.4th 910, 914–15 (11th Cir. 2022) (holding that plaintiffs may recover an equitable surcharge under § 502(a)(3) because courts in equity could order a trustee to compensate a trust beneficiary for a loss due to a breach of fiduciary duty).

[2] *Compare, e.g., LaRocca v. Borden, Inc*., 276 F.3d 22, 29 (1st Cir. 2002) (noting, in the context of summary judgment that "when the plaintiff can bring a claim for benefits under [§ 502(a)(1)], . . . she does not have a cause of action under [§ 502(a)(3)]." (citation modified)), *with Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726–27 (8th Cir. 2014) ("We do not read [*Varity Corp. v. Howe*, 516 U.S. 489 (1996)] . . . to stand for the proposition that [the plaintiff] may only plead one cause of action.").

5

benefits." App. 265.[3] In other words, counsel's use of the term "surcharge" was artful pleading intended to reframe her Count I request for retirement benefits as equitable. She is not actually seeking a surcharge. And this sort of "lawyerly inventiveness" cannot pass muster under ERISA § 502(a)(3). *Great-West*, 534 U.S. at 211 n.1. So the District Court properly dismissed Count III as duplicative of Count I.

## III

Carr raises several other arguments that we find unpersuasive. First, she contends that the District Court erred by dismissing Count III without allowing her to amend her complaint. Yet Carr neither sought leave to amend Count III nor attached a proposed amended complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[T]o request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile. . . a failure to submit a draft amended complaint is fatal to a request for leave to amend."). And outside of civil rights cases, there is no requirement that district courts sua sponte grant leave to amend before dismissing a claim. *Id*.

Second, Carr challenges the District Court's decision to construe her purported

---

[3] Carr also pleads—but does not discuss in her appellate briefs—a request for "disgorge[ement of] the Plan's profits from not paying Carr the retirement benefits to which she is entitled." App. 265. That relief is not available because *Great-West* requires a plaintiff to demonstrate a right to particular funds or property in the defendant's possession, 534 U.S. at 213–14, and participants in a defined benefit plan have "no 'claim to any particular asset that composes a part of the plan's general asset pool,'" *Perelman v. Perelman*, 793 F.3d 368, 374 (3d Cir. 2015) (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 440 (1999)). Moreover, under these plans, "the employer, not the plan participants, receives any surplus" if the value of the plan increases, so Carr cannot recover any investment profits. *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 543 (2020).

Rule 59(e) motion as a motion for reconsideration. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A "judgment" is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). The District Court's order dismissing one count of Carr's three-count complaint was not an appealable judgment that Carr could have challenged through a Rule 59(e) motion. *See* Fed. R. Civ. P. 54(b). The Court correctly treated Carr's motion as one for reconsideration of the order dismissing Count III and, for that reason, properly dismissed it as untimely under Local Rule 7.1(g).

Third, Carr appeals the District Court's order granting summary judgment for the Jefferson Plan on Count II. She contends that the District Court erred in holding that the administrator's December 22, 2021 letter satisfied the requirements of ERISA § 105(a). Carr also argues that the Court erred in holding that the requested personnel and wage records and pension valuation fell outside the scope of ERISA § 105(a). The Court did not err in holding that the December 22, 2021 letter was a pension benefit statement. The letter explained the total benefits accrued and listed her nonforfeitable pension benefits. Carr is correct that the letter does not mention the earliest date on which her benefits would become nonforfeitable. But as a terminated former employee, Carr could be fairly charged with knowing that her benefits could not possibly vest after her discharge. Finally, it was written in a manner calculated to be understood by the average plan participant. The letter therefore fulfilled the requirements of ERISA § 105(a).

Nor did the Court err in holding that the requested personnel and wage records were outside the scope of ERISA § 105(a). That subsection requires plan administrators

7

to "furnish a pension benefit statement . . . to a participant or beneficiary of the plan upon written request." 29 U.S.C. § 1025(a)(1)(B)(ii). There is no reason to read more requirements into this subsection.

Finally, Carr argues that the District Court erred when it denied her motion to strike Defendants' answer as untimely. Defendants' answer was filed on May 7, 2024, five and a half months after it was due. The parties filed their cross motions for summary judgment on May 9, 2024. The Court reasonably applied the factors outlined in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.  Partnership*, 507 U.S. 380, 395–96 (1993). Key to its decision not to strike the answer were its findings that Carr was not prejudiced by the late filing, and that the late filing resulted from excusable neglect. The District Court did not abuse its discretion because Carr did not articulate prejudice to her ability to prosecute her claims.

IV

For the stated reasons, we will affirm the District Court's orders and judgment.

8